DILLON, Judge, dissenting.
As explained below, because I conclude that Columbus Day is a "business day" under Section 14-208.7 and because the jury found that Defendant's one-day tardiness was willful, I dissent.
Section 14-208.7 requires one with a reportable conviction to register his address initially within three business days by reporting "in person at the appropriate sheriff's office[.]" N.C. Gen. Stat. § 14-208.7 (2014). Section 14-208.9A requires that person to verify his address every six months by returning a verification form "in person to the sheriff within three business days after the receipt of the form." N.C. Gen. Stat. § 14-208.9A (2014). And Section 14-208.11 makes it a crime for a person to "willfully" fail to return his verification notice as required in Section 14-208.9A. N.C. Gen. Stat. § 14-208.11(a)(3) (2014).
Here, the evidence showed that Defendant received his verification form on Thursday, 9 October 2014 but did not return the form to the Rowan County Sheriff's Office until Wednesday, 15 October 2014, four business days later.
I. Analysis
A. Columbus Day is a "Business Day"
The majority concludes that Defendant's return of his form was timely because Monday, 13 October 2014 should not count as one of the business days since it was Columbus Day. The majority concludes that it was error for the jury to be allowed to determine that Columbus Day is a business day. I agree with the majority that the meaning of "business *578 days" as used in our General Statutes is a question of law. But conclude, as a matter of law, that Columbus Day is a business day, in the context of Section 14.208.9A, for the reasons stated below. Therefore, since I believe that the jury resolved the issue correctly anyway, any error in allowing the jury to pass on this issue was harmless in this case.
I conclude that the term "business days," as used in these Sections, includes any weekday that the "sheriff's office" is open for regular business and may receive a verification form as required in Section 14-208.9A. See Southpark Mall Ltd. P'ship v. CLT Food Mgmt. Inc. , 142 N.C. App. 675, 679, 544 S.E.2d 14, 17 (2001) (stating that the term "business day" in a commercial lease is any day the property was open for business). And because the Rowan County Sheriff's Office was open for regular business to the public on Columbus Day, I conclude that Columbus Day counted as a "business day" for purposes of Section 14-208.9A, which requires one with a reportable conviction to verify his address by returning a completed verification form "to the sheriff[.]" N.C. Gen. Stat. § 14-208.9A.
The majority reasons that Columbus Day is not a "business day," citing Section 103-4 of our General Statutes, which designates certain days as "public holidays" in our State. See N.C. Gen. Stat. § 103-4(a)(11) (2014). I do not believe that there is any ambiguity that the General Assembly did not intend for "business days," as used in Section 14-208.9A, to exclude the days it has designated as "public holidays" in Section 103-4(a). Admittedly, some of the public holidays listed in Section 103-4 are days which would also be considered non- business days for the Rowan County Sheriff's Office, such as New Year's Day, Martin Luther King, Jr.'s Birthday, and Christmas Day. See N.C. Gen. Stat. § 103-4(a)(1), (1a), and (15).[9]
*627 But there are a number of days listed as "public holidays" in Section 103-4 which are clearly "business days" (where they fall on a weekday), which no one would reasonably expect the Sheriff's Office to be closed for regular business to the public, such as Robert E. Lee's Birthday (January 19), Greek Independence Day (March 25), Anniversary of the signing of the Halifax Resolves (April 12), Confederate Memorial Day (May 10), Anniversary of the Mecklenburg Declaration of Independence (May 20), and Election Day (Tuesday after first Monday in November in even-numbered years). See N.C. Gen. Stat. § 103-4(a)(2), (3a), (4), (5), (6), and (13).[10]
*579 Therefore, since the Rowan County Sheriff's Office was open to the public for the transaction of regular business on Columbus Day, I conclude that Columbus Day was a business day under Section 14-208.9A.
B. There Was Sufficient Evidence that Defendant Acted Willfully.
I conclude that there was sufficient evidence from which the jury could find that Defendant's tardiness was willful. That is, the jury was free to find that Defendant did not act willfully if they had believed his story that he thought Columbus Day was not a business day. I note, though, that Defendant did testify that he attempted to call the Sheriff's Office on Columbus Day, testimony from which the jury could infer that Defendant understood Columbus Day to be a business day. The jury made its call, and we should not disturb its determination.
II. Conclusion
The General Assembly in its role has enacted a law to make it a crime for one with a reportable conviction to fail willfully to turn in his verification form in person at the Sheriff's Office in his county within three business days.
The District Attorney's office in its role decided to prosecute Defendant for delivering his verification form one day late. State v. Camacho , 329 N.C. 589, 593, 406 S.E.2d 868, 871 (1991) ("The clear mandate of [ N.C. Const. art. IV, § 18 ] is that the responsibility and authority to prosecute all criminal actions ... is vested solely in the several District Attorneys of the State.").
The jury in its role resolved conflicts in the evidence and reached a guilty verdict.
Perhaps, if I was the prosecutor, I would have chosen not to prosecute Defendant for returning his verification form one day late. Perhaps, if I was on the jury, I would have believed Defendant's story regarding his belief about Columbus Day and his honest attempts to return his form earlier than he did and, therefore, not found his tardiness to have been willful. But my role as an appellate judge is not to make such decisions, but rather simply to apply the law. The prosecutor and the jury have made their decisions and have done so within the perimeters of the law, as enacted by our General Assembly. Accordingly, my vote is to conclude that Defendant had a fair trial, free from reversible error.

These days are listed on Rowan County's government website as observed public holidays in which Rowan County offices are closed.

These days are not included in the list of Rowan County's observed holidays on its website.